Pankaj S. Raval (SBN 273973)
**CARBON LAW GROUP**
700 S. Flower Street, Suite 1000
Los Angeles, CA 90017
Telephone: (323) 543-4453
Email: trademarks@carbonlg.com
ATTORNEY FOR PLAINTIFF AND COUNTER-DEFENDANT
AGRO FOODS, INC.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| AGRO FOODS, INC., a California corporation,<br>Plaintiff,<br>v.<br>ONKAR TRADING, LLC, a Pennsylvania limited liability company; and DOES 1 to 50,<br>Defendants.<br>AND COUNTERCLAIMS. | Case No. 5:24-cv-02378-SSS (DTBx)<br><br>The Hon. Sunshine S. Sykes<br><br>**PLAINTIFF AGRO FOODS, INC.'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO DEFENDANT ONKAR TRADING LLC'S MOTION FOR SUMMARY JUDGMENT**<br><br>**[L.R. 56-2]**<br><br>Date: October 2, 2026<br>Time: 2:00 p.m.<br>Ctrm: 2, 2nd Floor<br>Trial Date: January 4, 2027 |

Pursuant to Local Rule 56-2, Plaintiff and Counter-Defendant Agro Foods, Inc. ("Agro") submits the following Statement of Genuine Disputes of Material Fact in response to the Statement of Uncontroverted Facts filed by Defendant and Counter-Claimant Onkar Trading LLC ("Onkar") [Dkt. No. 85-1].

Citations to "Agro Dep." are to the transcript of the Rule 30(b)(6) deposition of Agro Foods, Inc. taken March 26, 2026, excerpts of which Onkar submitted as Exhibit A to the Declaration of Jack Williams, IV. Citations to "Evolution Dep." are to the transcript of the Rule 30(b)(6) deposition of non-party Evolution Enterprises Holdings, Inc. taken March 27, 2026, excerpts of which are attached to the concurrently filed Declaration of Pankaj S. Raval. Citations to "Kumar Decl." are to the concurrently filed Declaration of Rajiv Kumar. Citations to "Raval Decl." are to the concurrently filed Declaration of Pankaj S. Raval. Agro's evidentiary objections are set forth in a separate filing and are incorporated by reference.

| Onkar's Asserted Uncontroverted Fact and Supporting Evidence | Agro's Response and Supporting Evidence |
|---|---|
| 1. Mark registered May 2, 2017 by Evolution, "whose first use in commerce was May 2, 2017." (Williams Decl. ¶ 2, Ex. A [Agro Dep. 25:25–27:4]; ¶ 3, Ex. B.) | Undisputed that the registration issued May 2, 2017. Disputed as to first use. Onkar's own memorandum states that Evolution claimed "first use in commerce on February 8, 2017." (Mot. at 1:25–27.) Onkar's separate statement and its brief assert different dates for the same fact. Immaterial in any event. |
| 2. Agro's entitlement is premised upon transfer documents evidencing that Evolution assigned the Mark to Agro on or about May 4, 2022. (Agro Dep. 27:5–29:5; Ex. C.) | Undisputed that the transfer documents exist and were recorded with the United States Patent and Trademark Office on May 28, 2022. (Raval Decl. ¶ 6, Ex. 2.) Disputed to the extent the fact implies Agro's entitlement rests on those documents alone. Evolution's designee testified that Agro has permission from Evolution to use the Mark in the United States. (Evolution Dep. 31:24–32:1; 34:14–15.) |

| **Onkar's Asserted Uncontroverted Fact and Supporting Evidence** | **Agro's Response and Supporting Evidence** |
|---|---|
| 3. Rajiv Kumar is Agro's principal, president, sole control person since 2022, and Rule 30(b)(6) designee. (Agro Dep. 12:21–13:10.) | Undisputed. |
| 4. Until about May 2022 Agro was jointly controlled by Mr. Kumar and Gurbax Bhasin; Evolution was and remains owned and controlled by Sarabjit Bhasin. (Agro Dep. 35:17–36:6; Evolution Dep. 4:11–15, 5:19–21.) | Disputed in part. The cited testimony does not establish exclusive ownership or control of Evolution. Evolution's designee testified that Gurbax Bhasin is a shareholder of Evolution. (Evolution Dep. 68:11–13.) Immaterial to ownership of the Mark. |
| 5. Following a mutual agreement in or around May 2022, Agro asserts Evolution imparted the Mark to Agro and Mr. Kumar assumed sole control of Agro. (Agro Dep. 12:21–13:10; 35:17–36:6.) | Undisputed in substance. Evolution's designee confirmed that Evolution and Agro divided the brands between them, and dated that separation "between 2022 and 2023." (Evolution Dep. 54:23–55:3.) Mr. Kumar declares that UDTA PANCHHI was allocated to Agro as part of that division. (Kumar Decl. ¶ 8.) |

| **Onkar's Asserted Uncontroverted Fact and Supporting Evidence** | **Agro's Response and Supporting Evidence** |
|---|---|
| 6. Mr. Kumar asserts he has superior knowledge to any other person regarding registration of the Mark and goods coming to market since 2017. (Agro Dep. 53:2–56:16.) | Disputed as characterized; immaterial. Whether one witness has superior knowledge has no bearing on ownership under any governing standard. |
| 7. Mr. Kumar himself caused the Mark to be registered in Evolution's name in 2017. (Agro Dep. 68:17–18.) | Disputed in part. The application was filed March 31, 2016 under Serial No. 86960388; the registration issued May 2, 2017. (Raval Decl. ¶ 7, Ex. 3.) Undisputed that Mr. Kumar caused the application to be filed in Evolution's name. |
| 8. There is no declaration of incontestability on file with the USPTO relating to the Mark. (Williams Decl. ¶ 5, Ex. D; Agro Dep. 129:1–130:22.) | Undisputed. Agro further states that a Section 8 Declaration of Continued Use was filed on April 12, 2023, and that Agro paid trademark counsel $545.00 for that filing on March 29, 2023. (Raval Decl. ¶ 11, Ex. 7 [AGRO000070].) |

| | |
|---|---|
| 9. Onkar did not know of any federal registration of the Mark until it received service of Agro's complaint. (Williams Decl. ¶ 13, Ex. L [1st Am. Resp. to Rog No. 3].) | Disputed. Onkar's own Exhibit H is a letter from counsel for Evolution, dated June 1, 2022, sent by United States priority mail to Onkar Trading LLC at 99 Sharon Ave., Suite A, Darby, Pennsylvania 19023, stating that the Mark "has been word marked by Evolution with the United States Patent and Trademark Office," that it "became effective on May 2, 2017, serial number 86960388," and demanding that Onkar cease selling the goods. (Williams Decl. ¶ 9, Ex. H [AGRO000032–33].) The asserted fact is that Onkar did not know of "any federal registration of the Mark" before service. Exhibit H identified the registration by serial number and effective date, and it is immaterial that the sender was Evolution rather than Agro: the fact Onkar asserts is knowledge of the registration, not knowledge of the identity of the current registrant. The cited interrogatory response is also narrower than the |

| **Onkar's Asserted Uncontroverted Fact and Supporting Evidence** | **Agro's Response and Supporting Evidence** |
|---|---|
| | asserted fact: it states only that Onkar did not learn of "Agro's putative entitlement" until service. Agro objects that the response is not verified. See Evidentiary Objection No. 7. |
| 10. Since at least 2008 Udta Panchhi has been widely available in India bearing a flying-bird image, and has since 2008 identified Shiv as manufacturer and owner of the brand. (Kwatra Decl. ¶ 2, Ex. O.) | Disputed, and objected to. See Evidentiary Objections Nos. 1–2. Mr. Kwatra is a competing United States importer and states no basis for knowledge of Indian market conditions in 2008 or of any party's intellectual property rights. Exhibit O is undated and its source is not stated. |

| **Onkar's Asserted Uncontroverted Fact and Supporting Evidence** | **Agro's Response and Supporting Evidence** |
|---|---|
| 11. Udta Panchhi is a known and beloved brand to consumers in India and the Indian diaspora. (Kwatra Decl. ¶ 3.) | Disputed, and objected to. See Evidentiary Objection No. 3. The cited assertion concerns consumers in India and the "worldwide Indian diaspora." Onkar offers no survey, consumer testimony, or other evidence concerning consumers in the United States. |
| 12. Onkar's business is to identify and import Indian convenience goods for sale to United States distributors and retailers. (Kwatra Decl. ¶ 4.) | Undisputed; immaterial. |

| Onkar's Asserted Uncontroverted Fact and Supporting Evidence | Agro's Response and Supporting Evidence |
|---|---|
| 13. Between late 2021 and early 2022 Onkar observed Udta Panchhi being sold in the United States by Evolution, and the product stated prominently that it was Shiv's product. (Kwatra Decl. ¶ 5; Williams Decl. ¶ 7, Ex. F.) | Disputed in part. Undisputed that Evolution sold the goods in the United States in that period. Disputed that the goods identified a single entity as owner: the packaging Onkar relies upon identifies Archit Industries as trademark owner and Shiv Tobacco Company as manufacturer. (Kwatra Decl. ¶ 2; Agro Dep. 118:5–6, 118:1–14.) See Evidentiary Objection No. 4. |

| Onkar's Asserted Uncontroverted Fact and Supporting Evidence | Agro's Response and Supporting Evidence |
|---|---|
| 14. Onkar contacted Shiv, which agreed and in 2022 granted Onkar explicit written authorization to import and transact Udta Panchhi in the United States. (Kwatra Decl. ¶ 6, Ex. P.) | Disputed, and objected to. See Evidentiary Objection No. 5. Exhibit P is undated; spells the brand "UDTA PANCHI" rather than the registered "UDTA PANCHHI"; is addressed to "Onkar Trading Co. LLC," which is not the defendant; and is subscribed only "Prop." Mr. Kwatra does not state that he witnessed its execution or that he knows the signatory. No declaration from any Shiv Tobacco Company or Archit signatory appears in the record. |

| Onkar's Asserted Uncontroverted Fact and Supporting Evidence | Agro's Response and Supporting Evidence |
| --- | --- |
| 15. Mr. Kumar stated that he did not know whether Shiv was selling Udta Panchhi prior to Evolution's registration of the Mark. (Agro Dep. 93:7–14, 97:20–25.) | Disputed as a characterization of the cited testimony. The question asked whether the witness knew "for certain that no one else sold Udta Panchhi in the United States before Evolution." He answered: "See, in India, no one had the right. As per the law came . . . nobody can have Udta Panchhi in India. Did they ever send in America before 2007? I doubt, but I cannot challenge." (Agro Dep. 93:7–14.) The witness declined to state with certainty what third parties may have done. He did not testify that Shiv was selling Udta Panchhi in the United States before 2017. Mr. Kumar further declares that he did not know, at the time of the application, that Shiv was already manufacturing or selling a product under the name. (Kumar Decl. ¶ 4.) |

| **Onkar's Asserted Uncontroverted Fact and Supporting Evidence** | **Agro's Response and Supporting Evidence** |
|---|---|
| 16. Mr. Kumar acknowledged that a control person at Shiv registered the name in the European registry three months before he had the idea to register in the United States. (Williams Decl. ¶¶ 6–8, Exs. E, F, G; Agro Dep. 106:24–109:5, 112:16–113:4, 115:6–16.) | Disputed as characterized. The European registration identifies Vinod Kumar, a natural person, as registrant — not Shiv Tobacco Company and not Archit Industries. (Raval Decl. ¶ 8, Ex. 4.) Mr. Kumar testified that the individual he dealt with was Vineet Kumar. (Agro Dep. 79:17–21.) |

| Onkar's Asserted Uncontroverted Fact and Supporting Evidence | Agro's Response and Supporting Evidence |
|---|---|
| 17. Mr. Bhasin, for Evolution, admitted that Shiv was using the Udta Panchhi name in India as early as 2010. (Evolution Dep. 55:18–56:10.) | Disputed as characterized. The cited testimony does not support the asserted date. Asked when Shiv "came up with" the name, the witness answered "I don't know the exact date, no." Asked "Before 2010?", he answered "That, I don't know. That could be too early." (Evolution Dep. 56:1–8.) He also testified that the name derived from merging two pre-existing Indian brand names used by others. (*Id.* 55:18–25.) The testimony concerns when a name was possibly conceived in India, not when goods bearing it were sold, and it does not establish 2010. |

| **Onkar's Asserted Uncontroverted Fact and Supporting Evidence** | **Agro's Response and Supporting Evidence** |
|---|---|
| 18. There is no writing constituting an agreement between Agro and Shiv, Evolution and Shiv, or Mr. Kumar and Shiv on intellectual property rights to the Mark. (Williams Decl. ¶ 12, Ex. K; ¶ 9, Ex. H; ¶ 8, Ex. G ¶ 19.) | Disputed as characterized. Onkar describes Exhibit K as "admitting that no document reflecting a written exclusivity agreement exists." The email states: "I would appreciate it if you would quote me correctly. I said that my understanding is that it does not exist. Discovery is continuing, and I have not spoken with the attorney who wrote that letter. I also told you that documents could be at the offices of Evolution." (Williams Decl. ¶ 12, Ex. K.) That is a qualified statement of counsel's then-current understanding, not evidence of a historical fact. Exhibit H, Onkar's own exhibit, refers to "Evolution's exclusivity contract with the manufacturer." (*Id.* ¶ 9, Ex. H [AGRO000033].) See Responses to Nos. 21 and 27; Evidentiary Objection No. 8. |

| **Onkar's Asserted Uncontroverted Fact and Supporting Evidence** | **Agro's Response and Supporting Evidence** |
|---|---|
| 19. The only putative agreement Agro offers is a verbal agreement between Mr. Kumar and Shiv. (Williams Decl. ¶ 8, Ex. G ¶ 19.) | Disputed as characterized. See Responses to Nos. 18, 20, 21, 25. |

| **Onkar's Asserted Uncontroverted Fact and Supporting Evidence** | **Agro's Response and Supporting Evidence** |
|---|---|
| 20. Per Mr. Kumar, the verbal agreement was between himself, personally, and Shiv. (Agro Dep. 79:7–83:23.) | Disputed. Evolution's designee, examined by Onkar's counsel, testified that Mr. Kumar "was Evolution's agent to the extent that he had any contact with Shiv around the time that we are discussing." (Evolution Dep. 42:16–19.) Mr. Kumar testified that "that trademark belongs to us whether it's in the capacity of Evolution or Agro Food," and that "I give the right from Evolution that time." (Agro Dep. 79:22–25, 80:14–16.) Mr. Kumar declares that he worked at Evolution during the relevant period and acted on Evolution's behalf in his dealings with the manufacturer. (Kumar Decl. ¶¶ 2–3.) |

| Onkar's Asserted Uncontroverted Fact and Supporting Evidence | Agro's Response and Supporting Evidence |
|---|---|
| 21. Per Mr. Kumar, Shiv permanently and irrevocably acknowledged that the Mark belonged to Mr. Kumar, personally. (Agro Dep. 79:7–83:23.) | Disputed as characterized. The testimony is that Mr. Kumar told the manufacturer it could not supply the brand in the United States "because this is registered in our name"; that "he agreed that he will not give to anyone ever in future"; and that Vineet Kumar "clearly told that 'This is your trademark.'" (Agro Dep. 83:15–23.) The testimony refers to the registrant, not to Mr. Kumar personally. (See also Kumar Decl. ¶ 3.) |
| 22. Per Mr. Kumar, he gave Shiv authorization to manufacture goods bearing the Mark for him alone and for no one else in the United States. (Agro Dep. 79:7–83:23.) | Undisputed in substance, subject to Response to No. 21 as to the identity of the party for whose benefit the arrangement ran. |

| **Onkar's Asserted Uncontroverted Fact and Supporting Evidence** | **Agro's Response and Supporting Evidence** |
|---|---|
| 23. Per Mr. Kumar, he could terminate Shiv's authority to manufacture Udta Panchhi at any time for any reason or no reason. (Agro Dep. 79:7–83:23.) | Undisputed. The cited testimony is: "We have the right to cancel any day, even tonight. . . . I have the sole right. I can cancel any time." (Agro Dep. 83:5–11.) |
| 24. Mr. Kumar claims to be able to transfer the Mark at will to anyone, though this is not alleged to be part of the agreement with Shiv. (Agro Dep. 79:7–83:23.) | Disputed as characterized. Mr. Kumar testified: "I had the right to give to anyone, whether Evolution or Agro, I give the right from Evolution that time." (Agro Dep. 80:14–16.) |

| **Onkar's Asserted Uncontroverted Fact and Supporting Evidence** | **Agro's Response and Supporting Evidence** |
|---|---|
| 25. Neither Agro nor Evolution was a party to the verbal agreement. (Agro Dep. 79:7–83:23.) | Disputed. Evolution's designee testified that had Mr. Kumar entered an exclusivity agreement with Shiv, "that agreement would be between Evolution and Shiv," and that Mr. Kumar was Evolution's agent in his contacts with Shiv. (Evolution Dep. 42:7–19.) Onkar's own Exhibit H refers to the arrangement as "Evolution's exclusivity contract with the manufacturer." (Williams Decl. ¶ 9, Ex. H [AGRO000033].) Mr. Kumar declares that he understood the arrangement to exist for the benefit of the company holding the United States registration. (Kumar Decl. ¶ 3.) |

| Onkar's Asserted Uncontroverted Fact and Supporting Evidence | Agro's Response and Supporting Evidence |
|---|---|
| 26. Mr. Kumar did not identify any specific assignment, assumption, or other transfer rights or limitations in the verbal agreement other than his absolute power to change all parts or parties. (Agro Dep. 79:7–83:23.) | Disputed as characterized. See Responses to Nos. 20, 21, 24, 25. |
| 27. The text messages Agro produced are communications to Shiv and do not reflect acknowledgement of any verbal agreement or compliance with it. (Williams Decl. ¶ 10, Ex. I; Agro Dep. 18:22–19:12.) | Disputed as characterized. Whether the messages reflect an acknowledgment is the disputed question, not an undisputed fact. Mr. Kumar testified that Vineet Kumar "clearly told that 'This is your trademark.'" (Agro Dep. 83:20–21.) |
| 28. Mr. Kumar has never initiated litigation against Shiv for breach. (Agro Dep. 111:16–112:14.) | Undisputed; immaterial. |

| **Onkar's Asserted Uncontroverted Fact and Supporting Evidence** | **Agro's Response and Supporting Evidence** |
|---|---|
| 29. Shiv has not complied with the alleged terms of the verbal agreement since at least March 2019. (Williams Decl. ¶ 10, Ex. I; Agro Dep. 18:22–19:12.) | Disputed, and unsupported by the cited evidence. The only evidence cited is four text messages from Mr. Kumar and his authentication of them. Nothing in that evidence establishes that Shiv was selling to distributors in the United States, in March 2019 or at any other time. Separately, that Agro complained of non-compliance is evidence that Agro asserted and enforced the arrangement, not that no arrangement existed. |

| Onkar's Asserted Uncontroverted Fact and Supporting Evidence | Agro's Response and Supporting Evidence |
|---|---|
| 30. All goods Evolution or Agro imported from Shiv have stated on their face that Shiv is the trademark owner. (Agro Dep. 112:16–113:4, 114:13–115:13, 116:9–24, 120:10–19; Williams Decl. ¶ 7, Ex. F.) | Disputed. Onkar's own evidence is that the goods identify Archit Industries as trademark owner and Shiv Tobacco Company as manufacturer — two different entities. (Kwatra Decl. ¶ 2.) Mr. Kumar testified that Shiv and Archit placed their own contact information on the packaging in order to market Archit's separate brand. (Agro Dep. 118:5–6, 118:6–14.) |
| 31. None of Agro, Evolution, or Mr. Kumar objected to the appearance of the goods as shipped, and Mr. Kumar approved of their appearance. (Agro Dep. 120:10–14.) | Disputed as characterized. Mr. Kumar testified that he had the opportunity to approve the packaging Shiv would create for these goods and that he approved its appearance. (Agro Dep. 120:10–18.) He declares that packaging was not finalized without Evolution's or Agro's approval. (Kumar Decl. ¶ 6.) |

| Onkar's Asserted Uncontroverted Fact and Supporting Evidence | Agro's Response and Supporting Evidence |
|---|---|
| 32. Mr. Kumar admits the goods Shiv delivered to Agro, to him, or to Evolution are identical to the goods Shiv delivered to Onkar. (Agro Dep. 122:17–123:9; Williams Decl. ¶¶ 7, 11, Exs. F, J; Kwatra Decl. ¶ 7.) | Undisputed; immaterial to ownership. See Evidentiary Objection No. 6. |

| | |
|---|---|
| 33. Evolution categorically denies that it ever transferred the Mark to Agro, asserting that the transfer was fraud and forgery. (Evolution Dep. 15:21–23:7, 69:14–70:8; Williams Decl. ¶ 15, Ex. N.) | Disputed. Within the passage Onkar cites, the witness testified: "Q. Might someone at Evolution have signed this on your behalf? A. Yes, sir." (Evolution Dep. 18:25–19:2.) He also testified that he was not familiar with the document. (*Id.* 18:9–10.) The same witness testified that Agro has "permission from Evolution to sell UDTA PANCHHI," and that "[i]t was understood only that Agro Foods could use the Mark, and that was it." (*Id.* 31:24–32:1; 34:14–15.) The assignment was recorded with the United States Patent and Trademark Office on May 28, 2022, and conveys Evolution's interest in the Mark "together with . . . the goodwill of the business relations to the Trademark." (Raval Decl. ¶ 9, Ex. 5 [EEH000069].) Mr. Kumar declares that the transfer reflected the agreed division of brands and that he neither forged nor authorized the forgery of any signature. |

| **Onkar's Asserted Uncontroverted Fact and Supporting Evidence** | **Agro's Response and Supporting Evidence** |
|---|---|
| | (Kumar Decl. ¶¶ 8, 10.) Agro objects to the characterization of the instrument as a "forgery." See Evidentiary Objection No. 9. |

| | |
|---|---|
| 34. Agro never paid the consideration stated in the transfer documents. (Agro Dep. 27:5–29:5, 30:18–23; Williams Decl. ¶ 4, Ex. C.) | Undisputed that the recited one dollar was not exchanged directly. Disputed that consideration was not provided. Evolution's designee testified that Evolution and Agro divided the brands between them in a business separation "between 2022 and 2023." (Evolution Dep. 54:23–55:3.) The assignment conveys the Mark "together with . . . the goodwill of the business relations to the Trademark." (Raval Decl. ¶ 9, Ex. 5 [EEH000069].) Evolution invoiced Agro $187,115.00 on April 1, 2022 and $157,675.00 on July 18, 2022. (Raval Decl. ¶ 10, Ex. 6 [EEH000796, EEH000798].) Mr. Kumar declares that the division of brands, and not the recited dollar, is what the parties exchanged. (Kumar Decl. ¶ 8.) Asked at deposition whether any other consideration was given, Mr. Kumar testified: "I gave a lot of services to Evolution free of charge, also. I was taking care of their business. I was bringing new clients for |

| **Onkar's Asserted Uncontroverted Fact and Supporting Evidence** | **Agro's Response and Supporting Evidence** |
|---|---|
| | them that was more than hundred-thousand dollar." (Agro Dep. 31:3–6.) |
| 35. Neither Evolution nor Agro manufactured goods bearing the Mark or any tobacco product. (Agro Dep. 57:12–58:10.) | Undisputed. |
| 36. Shiv has always been the manufacturer of goods bearing the Mark. (Agro Dep. 82:13–14.) | Undisputed that Shiv Tobacco Company manufactured the goods. Disputed to the extent "Shiv" is used to denote a single entity that also owns the Mark. See Response to No. 30. |
| 37. The address and contact information on the goods are Shiv's, and neither Evolution nor Agro is identified on the packaging as associated with the product. (Agro Dep. 117:23–119:19.) | Undisputed. See Agro's Additional Material Fact No. 53. |

| | |
|---|---|
| 38. According to Agro, a consumer would have to search the USPTO website to find Agro's or Evolution's association with the Mark. (Agro Dep. 119:20–120:9; 121:14–25.) | Disputed as to materiality and completeness. Neither Agro nor Evolution sells to consumers; both sell to a limited channel of distributors who resell to retailers. (Agro Dep. 126:22–127:4.) Asked what Evolution did to identify itself as the source, its designee testified: "That we were the exclusive importer, distributor, trademark owner of the brand, and where you could only purchase this product was from Evolution," and that through "that limited distribution channel is how they would know to purchase the product through us, and that we were the authentic source." (Evolution Dep. 27:18–23; 28:1–6.) Mr. Kumar declares that the distributors Agro deals with are few in number, have dealt with Agro for years, and know that the authentic United States supply of the product comes from Agro. (Kumar Decl. ¶ 7.) |
| 39. Shiv designed the appearance of the packaging; any | Disputed as characterized. Mr. Kumar testified that Agro and |

| **Onkar's Asserted Uncontroverted Fact and Supporting Evidence** | **Agro's Response and Supporting Evidence** |
| --- | --- |
| contributions by Mr. Kumar, Agro, or Evolution were non-substantive and regulatory. (Agro Dep. 123:13–125:3.) | Evolution added the statutory warning, the tax class, and the weight declaration, among other items. (Agro Dep. 124:17–24.) Onkar's counsel separately framed his question around Mr. Kumar's "opportunity to approve the packaging." (*Id.* 120:10–14.) He further declares that packaging was not finalized without Evolution's or Agro's approval. (Kumar Decl. ¶ 6.) Whether those contributions were "non-substantive" is a disputed inference drawn by Onkar, not an undisputed fact. |

| **Onkar's Asserted Uncontroverted Fact and Supporting Evidence** | **Agro's Response and Supporting Evidence** |
|---|---|
| 40. Neither Evolution nor Agro did anything to market the product other than informing usual customers and sending samples. (Agro Dep. 125:4–126:7.) | Disputed in part. Mr. Kumar described distributing product to established distributors who place it with retailers and reorder based on performance. (Agro Dep. 124:9–13.) Evolution's designee identified Mr. Kumar as the person who participated in marketing the product and testified that Evolution produced invoices showing that it was the party selling and marketing the goods. (Evolution Dep. 10:20–11:1; 11:4–13.) Mr. Kumar describes the distribution channel through which the product reaches retailers. (Kumar Decl. ¶ 7.) |

| Onkar's Asserted Uncontroverted Fact and Supporting Evidence | Agro's Response and Supporting Evidence |
| --- | --- |
| 41. Neither Agro nor Evolution tested goods bearing the Mark or inspected any Shiv manufacturing facility. (Agro Dep. 128:1–11.) | Disputed. Evolution's designee testified that Evolution "digged out some records that show that we were testing our products with laboratories to make sure that they stayed within our specified HPHC." (Evolution Dep. 12:18–22.) Mr. Kumar further testified that Agro has authority to change the formulation of the product. (Agro Dep. 127:8–25.) He declares that he could direct Shiv to change the formulation and could have the product manufactured elsewhere. (Kumar Decl. ¶ 5.) |

| Onkar's Asserted Uncontroverted Fact and Supporting Evidence | Agro's Response and Supporting Evidence |
|---|---|
| 42. Quality control measures were limited to discussing complaints with the manufacturer, and consumers had no ready means to contact Agro or Evolution based on the packaging. (Agro Dep. 117:23–119:19; 128:12–15.) | Disputed. See Response to No. 41. Mr. Kumar testified: "I can go anywhere. I can make this brand trademark anywhere. I can stop working tomorrow with Shiv Tobacco. I have all the right. I can do anything." (Agro Dep. 127:23–25.) Mr. Kumar further declares that when a distributor or retailer has a problem with the product, that person contacts Agro and he takes the issue up with the manufacturer. (Kumar Decl. ¶ 7.) |

## AGRO'S ADDITIONAL MATERIAL FACTS

Pursuant to the Court's Civil Standing Order, Agro submits the following additional material facts bearing on the issues raised by the motion, numbered consecutively from the last fact in Onkar's separate statement.

| Additional Material Fact | Supporting Evidence |
|---|---|
| 43. Evolution Enterprises Holdings, Inc. sold goods bearing the Mark to distributors in the United States continuously from 2017 through July 2022. | Raval Decl. ¶ 10, Ex. 6 [EEH000073–EEH000798]. |
| 44. Evolution's sales of goods bearing the Mark during that period were made to approximately sixty-three United States distributors. | Raval Decl. ¶ 10, Ex. 6. |
| 45. The assignment recorded with the United States Patent and Trademark Office conveys Evolution's interest in the Mark "together with . . . the goodwill of the business relations to the Trademark and to the wares or services associated with it." | Raval Decl. ¶ 9, Ex. 5 [EEH000069]. |
| 46. The assignment was executed May 4, 2022 and recorded May 28, 2022 at Reel 007787, Frame 0764. | Raval Decl. ¶¶ 6, 9, Exs. 2, 5. |

| Additional Material Fact | Supporting Evidence |
|---|---|
| 47. On October 27, 2017, Evolution sold goods bearing the Mark to H & A International LLC. | Raval Decl. ¶ 10, Ex. 6 [EEH000215]. |
| 48. Evolution invoiced Agro $187,115.00 on April 1, 2022 and $157,675.00 on July 18, 2022. | Raval Decl. ¶ 10, Ex. 6 [EEH000796, EEH000798]. |
| 49. Agro sold goods bearing the Mark to distributors in California, Virginia and Pennsylvania during 2022. | Raval Decl. ¶ 11, Ex. 7 [AGRO000071–AGRO000075]. |
| 50. Agro's distributor list identifies seventeen United States distributors by name, address and license number. | Raval Decl. ¶ 11, Ex. 7 [AGRO000055–AGRO000057]. |
| 51. On March 29, 2023, Agro paid $545.00 to trademark counsel, by check bearing the memorandum "UDTA PANCHII Trademark, Docket No. 143/128-D." | Raval Decl. ¶ 11, Ex. 7 [AGRO000070]. |

| Additional Material Fact | Supporting Evidence |
|---|---|
| 52. The shipment of goods bearing the Mark that Onkar has produced was invoiced and exported to Onkar by JKS Trader of Zirakpur, Punjab, India, on August 14, 2021. | Raval Decl. ¶ 12, Ex. 8 [ONKAR 000006–ONKAR 000008]. |
| 53. Before the goods could be sold in the United States, Agro and Evolution added to the packaging the United States statutory warning, the tax class designation, and the weight declaration. | Agro Dep. 124:17–24; Kumar Decl. ¶ 6. |

| Additional Material Fact | Supporting Evidence |
|---|---|
| 54. Asked whether the signature on the assignment could be a stamp, Mr. Kumar testified that Mr. Bhasin "used to use a stamp, too," and that he was not sure whether the signature shown was a stamp or Mr. Bhasin's signature. Mr. Bhasin testified that someone at Evolution might have signed the instrument on his behalf. | Agro Dep. 30:2–10; Evolution Dep. 18:25–19:2. |
| 55. Rajiv Kumar registered the Mark in Evolution's name, and Evolution's designee testified that Mr. Kumar acted as Evolution's agent in his dealings with the manufacturer. | Agro Dep. 54:19–20; 68:17–18; Evolution Dep. 42:7–19. |

///

Agro does not concede the materiality of any fact stated above, and its responses are made subject to and without waiver of the evidentiary objections filed concurrently herewith.

Dated: August 28, 2026

CARBON LAW GROUP, P.C.

By: /s/ Pankaj S. Raval

Pankaj S. Raval

Attorneys for Plaintiff and

Counter-Defendant

AGRO FOODS, INC.